And we will proceed to our fifth case this morning, which is Surprise v. Saul. Mr. Duncan. Thank you. Good morning, Your Honors. May it please the Court, Dana Duncan on behalf of Allen Surprise. Mr. Surprise seeks reversal of the final decision of the Commissioner with instructions to specifically address two issues not properly addressed or handled by the Administrative Law Judge's decision. The first was the failure of the Administrative Law Judge to address the one, two, or three-step instruction that was clarified by the testimony of the medical expert at trial. The vocational expert's testimony indicated that such limitations fell in between reasoning levels of one and two under the Dictionary of Occupational Titles, thus potentially creating an erosion of the full range of work at the exertional level but with the reasoning level of two. The second issue is, well, first of all, this is significant because both of the occupations found by the vocational expert and adopted by the Administrative Law Judge at step five had a reasoning level of two and there was never any attempt to address whether those jobs could be performed by somebody limited to one, two, or three-step instructions. Second issue is that this was the third time this case had been presented to an Administrative Law Judge, more if you take into account the number of times hearings were started and then stopped because of technical difficulties. The previous cases either involved difficulties with the transcript or issues involving the mental impairment portion of the hypothetical question and residual functional capacity. In each of the previous two decisions, the Administrative Law Judge specifically limited Mr. Surprise to occasional fingering or fine manipulation, whichever of the two similes you choose to pick. In the decision that's presently before the court, the second ALJ and the third decision eliminated that restriction without any explanation within the decision itself. It has been the position of Mr. Surprise that whether you call this a law of the case doctrine issue or not, an Administrative Law Judge should not just simply be able to modify the residual functional capacity from a previously remanded case without providing any level of explanation. Is there any legal authority that supports that argument, namely that a subsequent ALJ is bound by the decision of a prior ALJ? Your Honor, the law is fairly nebulous. There's not even clear guidance on whether remanded cases going back on stipulation, which this one did, are automatically de novo or are presumed de novo, or there has to be an agreement that the hearing is de novo. There's no issue or nothing in any of the policy operations manual systems that I can find that clearly articulates this. There's nothing within the HALEX, which is the Hearing Operations Guidelines that address this. There's nothing in the code that specifically addresses this. Is there any regulations that impact this one way or the other? It does not appear to be the case at all. The problem, though, is that, and that's why we allege law of the case doctrine, because at least, which is applied and which is outlined in my brief, has been applied to Social Security cases in the Seventh Circuit. And that's why I raised it, because that was the only thing I could hang my hat on. But to the extent it's been applied, isn't it that the appellate court or the reviewing court can determine the law of the case, not that a prior ALJ decision is the law of the case? Yes, technically. The problem is that what my position is, is that the court, by approving the stipulation and the stipulation being on certain issues raised, the court, by its actions of remand, has adopted those findings. That's how you apply it. It would be the district court says, in this particular case, we're remanding. You allege that the mental impairments were inappropriately raised, so we're remanding it based on the stipulation of the parties to address that specific issue. By implication, they're adopting all of the other findings as part of their remand order. And that's, I guess, what I'm ultimately saying. Because the problem is, is that in this particular case, when that issue was raised before the vocational expert, the testimony seemed to imply that at least some, if not all, jobs would be eliminated by that restriction on fingering or fine manipulation. And what tends to happen now is that we have, you go through multiple cases, you go through multiple arguments, you get the case finally remanded, not once but twice, to address a specific issue regarding the mental impairments, only to have the administrative law judge change the residual functional capacity without really any notice or any explanation, which ultimately results in a denial. It just seems that this type of activity frustrates the nature of the appellate process and the ability of claimants to have their day in court and to argue the ineffectiveness or, excuse me, the errors caused by administrative law judge in these proceedings. Because it just, it's kind of like the analogy would be to grab a balloon in the middle. It just pops out someplace else. There's nothing that seems rock solid certain on any of this that there's any value in pursuing these cases if judges can just change at their discretion without any indication of why, how they're going to apply the evidence and what elements they're going to include in their hypothetical questions. Addressing the first issue I raised, though, I would like to indicate again, this is a very specific issue as well because the vocational expert indicated that the one, two, or three-step instruction, I handled the hearing myself and I questioned the medical expert in detail about what was the term. He said moderate limitations instruction. Ask him to define moderate. I'm sorry? You have one minute left. All right. And that itself was never addressed at all. The judge provided no explanation whatsoever as to why that specific limitation was not included or why that limitation was not addressed at all. And I guess ultimately the question is in the issue of substantial evidence, substantial evidence is only as good as the explanations provided by the administrative law judge in the decision. I think in Social Security that sometimes is lost, the trees are lost to the forest, and ultimately the failure to do that should be grounds for remand in and of itself. Both issues are error and I would ask the court to remand accordingly. Thank you. Mr. Adili. Yes, Your Honor. May it please the Court, Gavin Adili on behalf of the Commissioner of Social Security. Appellant in this case raises two highly technical arguments that both ask the court to change or extend the law in order to rule in his favor. The first of the two arguments that I'll address, the one where the extension or change in the law is most significant or dramatic, is the law of the case argument. Appellant's brief sort of abdicates on the merits of the underlying evidence, discusses them almost not at all, instead asking the court to do something extraordinary, enact a rule not previously enacted that requires the preservation of any finding not specifically challenged in a prior court order, absent a heightened articulation explaining why it was changed. First and foremost, this is not the current rule. As recently as Martin v. Saul, which was decided in February of this year, the court considered a similar argument and concluded that it had not previously held that the law of the case doctrine bound the agency to prior findings, not reviewed on appeal. Appellant also cites Wilder v. Afzal, a 98 case by this court, as primary supporter of his argument. It doesn't support it. Wilder says, quote, that the lower court must, quote, conform to the principles set forth in the appellate opinion. The natural reading of that language is, one, if the court directs you to do something, you do it, and two, if the court tells you you did something wrong, you don't do it again. The rule that Appellant seeks also does not appear to be what courts are generally doing or seem to be doing when they remand cases. When you look at federal court remand cases, particularly in SSA cases, because that's most relevant here, as a general matter, they don't, on their face, require the preservation of prior findings. Instead, they let the agency know what the court thinks the ALJ got wrong to provide a roadmap for producing a legally defensible decision on remand. Nor did the district court's remand orders in this case specifically purport to preserve any prior findings. Again here, Appellant's brief does not grapple almost at all with whether the specific text of the district court's decisions required the preservation of the prior findings. They didn't. The same court, indeed the same judge, ruled in all three federal court cases in this case, in the district court, and the court did not think that's what the remand orders did. Appellant spends no time on the text of the remand order, but if you look, for example, at the most recent one, it's incredibly terse and it's much more supportive of the notion that the court contemplated de novo review than not. It says, give the appellant the opportunity to introduce new evidence, to have a new hearing, and produce a new decision. And that is it. That is the entire direction for the ALJ. It also is what the agency thinks is going on. Opposing counsel indicated that he was unable to find support for the proposition, but if you look at HALAX 1, 2, 8, 18, Section A, it specifically says that the appeals counsel, when it receives a case on court remand, will, quote, generally vacate the entire ALJ decision, and the ALJ must decide all pertinent issues de novo. And the ALJ herself, who was reassigned the case following the second remand, says on page 1429 of the record that she is deciding the matter de novo. So the HALAX contemplates that if the court is not cabining the agency's discretion, that all relevant issues will be decided de novo, and that's the reasonable expectation by the agency, and that's what the ALJ purported to do here. Indeed, taking an issue out of the agency's discretion should be a big deal, and it is in another context. It's analogous to a situation where the court remands for an award of benefits, and this court has been very leery of remanding for an award of benefits because it takes the matter out of the agency's discretion, and so the bar is high. It's where no reasonable ALJ could decide otherwise but that the individual was disabled, right, because usually, or not usually but often, substantial evidence, which is less than a preponderance, can support competing outcomes. And so when that's the case and the same evidence might support different outcomes, the court has taken the position that it's best left to the agency's discretion because that's the agency's mission, deciding these cases, and that it takes a significant showing of an inability to reach a different outcome  Pardon me. Indeed, the court should consider that the rule of decisions that appellant asks would often work against the claimant's interests. To the extent that the district court remanded the first time in this case only on the vocational expert's testimony, the reading appellant demands might have precluded him from challenging the RFC finding the second time around or at least made it more difficult to do so. Instead, he got de novo review that permitted him to submit additional evidence and try to convince the ALJ that he had additional limitations. Moreover, I'd like to reassure the court that it is not true that the ALJ did not explain at all why she deviated from the prior RFC. The RFC is actually relatively similar, but on page 1432 of the record, the ALJ grapples with this evidence, talks about the January 2009 finger injury, the two surgeries that same month to repair the tendon, the fact that later that same year, he was able to cut, split, and lift wood, notes that after his recovery, there wasn't ongoing treatment for the finger injury. Now, we could be talking about the merits, but opposing counsel, appellant's brief did not talk about the merits, didn't grapple with this assessment. Instead, asking the court to extend the law of the case doctrine and rule in his favor on that basis. I submit that had the merits not been waived, that would have been the appropriate way. The ALJ's decision still, there's still a way to vindicate fairness, the substantial evidence standard itself, right? The ALJ argued on the merits that the ALJ erred by omitting the disputed limitation. At all events, as argued in our brief, any error is harmless because the record assures the court that the ALJ would have found the appellant not disabled even with the disputed limitation. The press operator job per the Dictionary of Occupational Titles did not require more than occasional fingering. Appellant, in his reply brief, besides page 1495 of the transcript for the proposition, the vocational expert said that the inclusion of the disputed limitation would preclude work, but that misrepresents the vocational expert's testimony. The vocational expert on that page was presented not only with the dictational fingering limitation, but with a constellation of additional limitations all at once, including a limitation to only occasional handling. And the press operator job, as described in the Dictionary of Occupational Titles, requires frequent handling, but only occasional fingering. The vocational expert was not presented with a simpler counterfactual that added only the occasional fingering limitation, and thus his testimony did not contradict the DOT. And the court can tell that even with the disputed additional limitation, the ALJ would have reached the same conclusion. I would also like to briefly address the second issue that appellant raised, the argument with respect to Dr. Wargel's hearing testimony and the vocational expert's testimony that flowed from it. The ALJ reasonably relied on Dr. Wargel's testimony that appellant could perform quote, routine, repetitive tasks and follow simple, non-complex instructions. The ALJ specifically asked Dr. Wargel if appellant could perform such work on page 1481 of the record, and Dr. Wargel replied yes. On cross, Dr. Wargel stated that he defined simple instructions as instructions with one, two, or three steps that can be easily followed. We have one minute left, Mr. Daley. Thank you so much, Your Honor. I appreciate it. This was not an alternative limitation. It was a clarification of terms in response to cross-examination. And that's an important distinction because appellant overlooks that the vocational expert was present for and heard the medical expert's clarification of his own term. If you look at page 1457 of the record, it's clear the vocational expert is present from the start of the hearing. This court has repeatedly stated that where vocational experts hear clarifying testimony that fully orients them to a claimant's limitations, there's no implication of relying on their testimony. So if you look at cases like Lanigan or O'Connor-Spinner against Astru, the limitations are not in dispute. Dr. Wargel said that the claimant could perform this work with simple, non-complex instructions. The vocational expert was present for the clarifying testimony, and the ALJ in turn reasonably relied on that testimony. And if the court has no questions for the reasons expressed in our brief and here at oral argument, we ask that you affirm the comment. Thank you. Dr. Duncan, you have two minutes in rebuttal. Thank you, Your Honor. I will address the issue primarily of the one, two, or three-step instruction. The cross-examination was specifically geared to elicit some meaning to this term simple routine and repetitive instruction. And by forcing the medical expert to use the term one, two, or three-step instruction, it provided context and specific definitions within the context of what the Dictionary of Occupational Titles does. It is not just simply specific vocational performance, SVP, but it also includes this reasoning level that's part of the GED skills, the ability to understand how to do certain activities or functions within a job. There's nothing that specifically clarifies that the vocational expert took any of that issue into account based upon the hypothetical question that was asked by the vocational expert. It was only when I clarified and specifically asked the question of whether or not it fell in between those categories that this arose. At the very least, this constituted a conflict in the testimony that the vocational expert and the Dictionary of Occupational Titles were inconsistent with each other, or at least at that point, you would have thought that the administrative law judge would have picked up on that and addressed the problem or the issue. The decision is silent. On that note, I would ask if there's any questions. Otherwise, I thank you. Thank you very much. And thanks to both counsel. The case is taken under advisement.